UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

SANDRA AMEZQUITA, RONEL LEMOS FLORIAN,
MERCEDES HIDALGO, and SECUNDINO
PAYAMPS PERALTA,

                                           Plaintiffs

                        -against-

THE CITY OF NEW YORK, POLICE OFFICERS
PEDRO VALLECILLO, shield no. 30714, ELVIS
MERIZALDE, shield no. 26862, JOSEPH DEGAN,
shield no.15228,  ERIC ROOME, shield no.16591,
GARY BONAVITA, shield no. 22808, and RICHARD
RODRIGUEZ, shield no. 27733, SERGEANT
DELOSSANTOS, shield no. 2178,  SERGEANT
FRANK RODRIGUEZ, shield no. 2768,
LIEUTENANT STEPHEN SPATARO, tax ID 939513,
and police officers JOHN DOE, RICHARD ROE and
other police officers presently unknown to Plaintiffs

                                      Defendants.
------------------------------------------------------------------- X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**15 CV 0303 (ILG) (SMG)**

## PRELIMINARY STATEMENT

1.      This civil rights action is brought in response to the violent acts of police abuse

against Plaintiffs Sandra Amezquita, Ronel Lemos Florian, Mercedes Hidalgo, and Secundino

Payamps Peralta that occurred in the early hours of September 20, 2014 at approximately 2:15

am. Plaintiffs seek to recover money damages because Defendants' conduct violated each of

their rights as secured by the Fourth and Fourteenth Amendments to the Constitution of the

United States, and the laws of the State of New York. Plaintiffs were each physically abused by

the Defendant police officers employed by the New York City Police Department ('NYPD")
without lawful cause, and three of the Plaintiffs were falsely arrested and falsely imprisoned.

2.      Plaintiff Amezquita, who at the time was  pregnant and late in her second
trimester, was seized by one of the Defendant police officers, and thrown to the pavement,
landing on her abdomen while the police officer pinned her down and proceeded to beat her with
his baton. When her friend, Plaintiff Hidalgo, approached NYPD members to alert them that
Plaintiff Amezquita was pregnant, she too was thrown to the ground such that she rolled into the
middle of the street. During the course of what was to the Plaintiffs a night of terror, Plaintiff
Florian, Ms. Amezquita's husband, was thrown to the ground and was attacked and beaten by the
police. Likewise, Plaintiff Peralta, Ms. Hidalgo's husband, was attacked and beaten by the police
after he tried to help his wife who was lying in the middle of the street.  Plaintiffs Amezquita,
Florian and Peralta were unlawfully arrested, handcuffed, and held in police custody.  The
constitutional and common law rights of each Plaintiff were violated when the individual
Defendant police officers, committed unwarranted and malicious assault and battery,  utilized
excessive force and, unlawfully confined Plaintiffs Amezquita, Florian, and Peralta and caused
their unjustifiable arrest and prosecution.

## JURISDICTION

3.      This action is brought pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and
Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred upon
this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and (a)(4) and the aforementioned
statutory and constitutional provisions.

4.      Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28
U.S.C. § 1367 over all State law claims for relief which derive from the same nucleus of

operative facts and are part of the same cause or controversy that give rise to the federally based claims for relief.

## VENUE

5.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C § 1391(a), (b) and (c), and because the claims arose and all Plaintiffs reside in this district.

## PARTIES

6.      Plaintiffs Sandra Amezquita, Ronel Lemos Florian, Mercedes Hidalgo, and Secundino Payamps Peralta are each a resident of Kings County, State of New York.

7.      Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

8.      New York City Police Officer Pedro Vallecillo, shield no. 30714, is and was at all relevant times an officer, employee, and agent of the NYPD. On September 20, 2014, he was assigned to the 72nd precinct. Police Officer Vallecillo is being sued in his individual and official capacity.

9.      Police Officer New York City Police Officer Elvis Merizalde, shield no. 26862, is and was at all relevant times an officer, employee, and agent of the NYPD. On September 20, 2014, he was assigned to the 72nd precinct. Police Officer Merizalde is being sued in his individual and official capacity.

3

10.     New York City Police Officer Joseph, Degan, shield no.15228, is and was at all relevant times an officer, employee, and agent of the NYPD. On September 20, 2014, he was assigned to the 72nd precinct, though on September 29, 2015 he was reassigned to the Quartermaster. Police Officer Degan is being sued in his individual and official capacity.

11.     New York City Police Officer Eric Roome, shield no.16591, is and was at all relevant times an officer, employee, and agent of the NYPD. On September 20, 2014, he was assigned to the 72nd precinct. Police Officer Roome is being sued in his individual and official capacity.

12.     New York City Police Officer Gary Bonavita, shield no. 22808, is and was at all relevant times an officer, employee, and agent of the NYPD. On September 20, 2014, he was assigned to the 72nd precinct. Police Officer Bonavita is being sued in his individual and official capacity.

13.     New York City Police Officer Richard Rodriguez, shield no. 27733, ("Officer Rodriguez") is and was at all relevant times an officer, employee, and agent of the NYPD. On September 20, 2014, he was assigned to the 72nd precinct. Police Officer Rodriguez is being sued in his individual and official capacity.

14.     New York City Police Sergeant Delossantos, shield no. 2178, is and was at all relevant times an officer, employee, and agent of the NYPD. On September 20, 2014, he was assigned to the 72nd precinct. Sergeant Delossantos is being sued in his individual and official capacity.

15.     New York City Police Sergeant Frank Rodriguez ("Sergeant Rodriguez"), shield no. 2768, was at all relevant times an officer, employee, and agent of the NYPD. On September

20, 2014, he was assigned to the 72nd precinct. Sergeant Rodriguez is being sued in his individual and official capacity.

16.    New York City Lieutenant Stephen Spataro, tax ID 939513, was at all relevant times an officer, employee, and agent of the NYPD.  On September 20, 2014, he was assigned to the 72nd precinct. Lieutenant Spataro is being sued in his individual and official capacity.

17.    Defendants John Doe and Richard Roe et al., whose identities and shield numbers are presently unknown to Plaintiffs, are and were at all relevant times officers, employees and agents of the NYPD.  They are being sued in their official and individual capacities.

18.    At all times relevant herein Defendants Vallecillo, Merizalde, Degan, Roome, Bonavita, Officer Rodriguez, Delossantos, Sergeant Rodriguez, Lieutenant Spataro and John Doe and Richard Roe (the "individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

## STATEMENT OF FACTS

19.    On or about September 20, 2014, at approximately 2:15 am, all Plaintiffs were in the vicinity of 5th avenue between 40th and 41st streets, Brooklyn, N.Y.

Sandra Amezquita:

20.    Plaintiff Amezquita, who was pregnant and late in her second trimester at the time, was assaulted and battered by a member of the NYPD, and arrested without probable

cause. Specifically, while standing in the vicinity of her son, who police officers had attempted to arrest, Plaintiff Amezquita was grabbed by an Officer Degen, who threw her to the pavement, such that she landed on her abdomen, with Officer Degen positioning himself on her back. Officer Degen also smashed a baton or nightstick on her body. Officer Roome helped pin her down on the ground.

21.     Plaintiff Amezquita was arrested without probable cause by Officers Degen, and Roome, given a summons for disorderly conduct, and was held in police custody for approximately 3.75 hours.

22.     Officer Vallecillo signed the paperwork related to her arrest.

23.     Prior to the incident, there were no complications with Plaintiff Amezquita's pregnancy. The incident resulted in complications with the pregnancy, which, upon information and belief, caused Plaintiff Amezquita to deliver the baby, who is named Kevin, approximately 4 weeks early.

24.     There is concern that the incident has put the physical well-being and cognitive development of Kevin at risk and the potential injury to Kevin is causing Plaintiff Amezquita and Plaintiff Florian severe mental injury, anguish, and trauma.

25.     Upon information and belief, Plaintiff Amezquita was arrested and prosecuted on the basis of information provided by Officers Degen, Roome and Vallecillo that was false and fabricated.

26.     The prosecution of Plaintiff Amezquita was initiated without probable cause and with malice.

27.     On December 2, 2014, the criminal prosecution was terminated favorably to Plaintiff Amezquita when the charges were dismissed.

<u>Ronel Lemos Florian:</u>

28.     Plaintiff Florian was assaulted and battered by members of the NYPD, including,

upon information and belief, Officers Merizalde and/or Vallecillo, and arrested without probable

cause. Specifically, Plaintiff Florian was in the vicinity of his son as police officers had

attempted to arrest his son.  The NYPD members then assaulted and battered Plaintiff Florian to

the extent that he fell to the ground.

29.     Once he was on the ground, an NYPD member further assaulted and battered

Plaintiff Florian.

30.     Less than a minute later, Plaintiff Florian's pregnant wife, Plaintiff Sandra

Amezquita, who was standing right next to him, was thrown to the pavement by Officer Degen,

as described in paragraph 20 above.

31.     Plaintiff Florian was arrested by Officers Bonavita, and Vallecillo, Sergeant

Rodriguez, and John Doe and Richard Roe without probable cause, and charged with obstructing

governmental administration in the second degree, harassment in the second degree, assault in

the second degree, and assault in the third degree.

32.     Sergeant Delossantos supervised the unlawful arrest, and Officer Rodriguez

entered the paperwork related to the unlawful arrest. Lieutenant Spataro was the "signoff

supervisor."

33.     Plaintiff Florian was held in police custody for approximately 22.75 hours.

34.     Upon information and belief, Plaintiff Florian was arrested and prosecuted on the

basis of information provided by Officer Merizalde, Officer Bonavita, Officer Rodriguez, Officer

Vallecillo and John Doe and Richard Roe that was false and fabricated.

35.     The prosecution of Plaintiff Florian was initiated without probable cause and with malice.

36.     On March 27, 2015, the criminal prosecution was terminated favorably to Plaintiff Florian when the charges were dismissed.

Mercedes Hidalgo:

37.     When the NYPD members were arresting Plaintiff Amezquita, Plaintiff Hidalgo approached the Officer Degan to tell him that Ms. Amezquita was pregnant.

38.     Plaintiff Hidalgo did not take any actions that could be considered threatening or violent.

39.     Officer Degan turned from the process of arresting Ms. Amezquita, and, completely unprovoked, used both his hands to push Ms. Hidalgo to the ground with a force that caused her to roll approximately ten to fifteen feet into the middle of the street.

40.     Plaintiff Hidalgo was unable to stand up and remained lying in the street for a period of time.

41.     An ambulance eventually took her to a hospital.

Secundino Payamps Peralta:

42.     Plaintiff Peralta was assaulted and battered by a member of the NYPD and arrested without probable cause. Specifically, Mr. Peralta went to the aid of his wife, Plaintiff Mercedes Hidalgo, who had been thrown to the ground and injured by Officer Degen as described above. While Plaintiff Peralta was walking near his wife, Officer Vallecillo rushed at him and threw him on the hood of a car. Officer Vallecillo and several other police officers then proceeded to assault and batter him.

8

43.    Plaintiff Peralta was arrested without probable cause by Officer Vallecillo, Officer Roome, and John Doe and Richard Roe and charged with obstructing governmental administration in the second degree, harassment in the second degree, assault in the second degree, and assault in the third degree.

44.    Sergeant Delossantos supervised the unlawful arrest, and Officer Rodriguez signed the paperwork related to the unlawful arrest. Lieutenant Spataro was the "signoff supervisor."

45.    He was held in police custody for approximately 22.75 hours.

46.    Upon information and belief, Plaintiff Peralta was arrested and prosecuted on the basis of information provided by Officer Merizalde, Officer Vallecillo, Officer Roome, Officer Rodriguez, and John Doe and Richard Roe that was false and fabricated.

47.    The prosecution of Plaintiff Peralta was initiated without probable cause and with malice.

48.    On March 27, 2015, the criminal prosecution was terminated favorably to Plaintiff Peralta when the charges were dismissed.

All Plaintiffs

49.    Plaintiffs did not strike or attempt to strike any of the police officers.

50.    The assault and battery by Defendant police officers on each Plaintiff was in excess of their rightful authority as NYPD officers, and was otherwise made without proper cause.

51.    Defendants' conduct caused each Plaintiff to sustain physical pain and injury, suffer psychological and emotional trauma, and suffer economic injuries including, but not limited to, loss of wages.  Defendants' actions constitute outrageous and reckless conduct, and

demonstrate a callous indifference to and willful disregard of Plaintiffs' federal and state
protected rights.

52.     On December 15, 2014 each Plaintiff served a notice of claim on the Comptroller
of the City of New York.  On June 17, 2015, after their criminal proceedings were favorably
terminated,  Plaintiffs Florian and Peralta served a second notice of claim related to their
malicious prosecution claims.  At least thirty days have elapsed since the service of all such
notices of claims, and adjustment and/or payment has been neglected and/or refused.

53.     A 50-h hearing was held for each Plaintiff on March 18, 2015.

54.     At all relevant times Defendants were acting under color of state law.

## FIRST CLAIM FOR RELIEF

### Violation of Plaintiffs' Fourth Amendment and Fourteenth Amendment Rights

### (Plaintiffs Amezquita, Florian and Peralta)

55.     Plaintiffs reallege each and every allegation set forth above.

56.     Defendants Degan, Roome, Vallecillo, Bonavita, Officer Rodriguez, Sergeant
Rodriguez, Delossantos, Spataro, and John Doe and Richard Roe, who were acting in concert
and within the scope of their authority, arrested and caused Plaintiffs Amezquita, Florian and
Peralta to be imprisoned without probable cause in violation of Plaintiffs' right to be free of an
unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and
to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the
United States.

57.     Plaintiffs suffered injury as a result of Defendant Defendants Degan, Roome,
Vallecillo, Bonavita, Officer Rodriguez, Sergeant Rodriguez, Delossantos, Spataro, and John
Doe and Richard Roe's conduct.

## SECOND CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment Right

### (All Plaintiffs)

58.     Plaintiffs reallege each and every allegation set forth above.

59.     The use of excessive force by Defendants Degan, Roome, Vallecillo, Merizalde, and Defendants John Doe and Richard Roe, acting in concert, in restraining and striking Plaintiffs was an objectively unreasonable physical seizure of Plaintiffs in violation of their rights under the Fourth Amendment to the Constitution of the United States.

60.     Plaintiffs suffered injury as a result of Defendants Degan, Roome, Vallecillo Merizalde, and John Doe and Richard Roe's conduct.

## THIRD CLAIM FOR RELIEF

### Assault

### (All Plaintiffs)

61.     Plaintiffs reallege each and every allegation set forth above.

62.     Defendants Degan, Roome, Vallecillo, Merizalde, and John Doe and Richard Roe, acting within the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiffs in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in  violent and/or overt menacing acts, which threatened such contact to the Plaintiffs, and that such acts caused reasonable apprehension of such contact in the Plaintiffs.

63.     Defendants Degan, Roome, Vallecillo, Merizalde, and John Doe and Richard Roe were at all relevant times agents, servants, and employees acting within the scope of their

11

employment by the City of New York and the NYPD. The City of New York and the NYPD are responsible for Defendant police officers' conduct.

64.     Plaintiffs suffered injury as a result of Defendants Degan, Roome, Vallecillo, Merizalde, and John Doe and Richard Roe's conduct.

65.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF

### Battery

### (All Plaintiffs)

66.     Plaintiffs reallege each and every allegation set forth above.

67.     Defendants Degan, Roome, Vallecillo, Merizalde, and John Doe and Richard Roe, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiffs when they, in a hostile and/or offensive manner, struck Plaintiffs without their consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiffs and caused such batteries.

68.     Defendants Degan, Roome, Vallecillo, Merizalde, and John Doe and Richard Roe were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

69.     Plaintiffs suffered injury as a result of Defendants Degan, Roome, Vallecillo, Merizalde, and John Doe and Richard Roe's conduct.

70.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF

### False Arrest and False Imprisonment

### (Plaintiffs Amezquita, Florian, and Peralta)

71.    Plaintiffs reallege each and every allegation set forth above.

72.    The acts and conduct of the Defendants Degan, Roome, Vallecillo, Bonavita, Officer Rodriguez, Sergeant Rodriguez, Delossantos, Spataro, and John Doe and Richard Roe constitute false arrest and false imprisonment of Plaintiffs Amezquita, Florian, and Peralta under the laws of the State of New York. Defendants Degan, Roome, Vallecillo, Bonavita, Officer Rodriguez, Sergeant Rodriguez, Delossantos, Spataro, and John Doe and Richard Roe intended to confine said Plaintiffs, and, in fact, confined said Plaintiffs, and said Plaintiffs were conscious of the confinement. Moreover, said Plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

73.    Defendants Degan, Roome, Vallecillo, Bonavita, Officer Rodriguez, Sergeant Rodriguez, Delossantos, Spataro, and John Doe and Richard Roe were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

74.    Plaintiffs Amezquita, Florian, and Peralta suffered injury as a result of Defendants Degan, Roome, Vallecillo, Bonavita, Officer Rodriguez, Sergeant Rodriguez, Delossantos, Spataro, and John Doe and Richard Roe's conduct.

75.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

13

## SIXTH CLAIM FOR RELIEF

### Malicious Prosecution

### (Plaintiffs Amezquita, Florian and Peralta)

76.     Plaintiffs realleges each and every allegation set forth above.

77.     The acts and conduct of Defendants Merizalde, Degan, Roome, Vallecillo, Bonavita, Officer Rodriguez, Sergeant Rodriguez, Delossantos, Spataro, and John Doe and Richard Roe constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against Plaintiffs Amezquita Florian and Peralta.  Defendants Merizalde, Degan, Roome, Vallecillo, Bonavita, Officer Rodriguez, Sergeant Rodriguez, Delossantos, Spataro, and John Doe and Richard Roe  acted with actual malice in commencing and continuing the proceeding and there was an absence of probable cause for the criminal proceeding. Furthermore, the criminal proceeding was terminated favorably to Plaintiffs Amezquita, Florian and Peralta.

78.     Defendants Merizalde, Degan, Roome, Vallecillo, Bonavita, Officer Rodriguez, Sergeant Rodriguez, Delossantos, Spataro, and John Doe and Richard Roe were at all relevant times agents, servants and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

79.     Plaintiffs Amezquita, Florian and Peralta suffered injury as a result of Defendants Merizalde, Degan, Roome, Vallecillo, Bonavita, Officer Rodriguez, Sergeant Rodriguez, Delossantos, Spataro, and John Doe and Richard Roe's conduct.

80.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate the state based claims.

14

## SEVENTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Training and Supervision

### (All Plaintiffs)

81.     Plaintiffs reallege each and every allegation set forth above.

82.     Defendant the City of New York and its employees, servants and/or agents acting within the scope of their employment negligently hired, retained, train and supervised the individual Defendants, who were unfit for the performance of police duties on September 20, 2014, at the aforementioned location.

83.     Plaintiffs suffered injury as a result of the conduct of defendant City of New York.

84.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### JURY DEMAND

85.     Plaintiffs hereby demand trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.      That as to the Second, Third, Fourth and Seventh Claims for Relief the jury find and the Court adjudge and decree that each Plaintiff shall recover compensatory damages in an amount to be determined at trial against the individual Defendants and the City of New York, jointly and severally, together with interests and costs, and punitive damages in an amount to be determined at trial against the individual Defendants, jointly and severally.

B.      That as to the First, Fifth and Sixth Claims for Relief the jury find and the Court adjudge and decree that Plaintiffs Amezquita, Florian, and Peralta each shall recover

compensatory damages in an amount to be determined at trial against the individual Defendants

and the City of New York, jointly and severally, together with interest and costs, and punitive

damages in an amount to be determined at trial against the individual Defendants, jointly and

severally.

        C.      That the Plaintiffs recover the cost of this suit, including reasonable attorneys'

fees pursuant to 42 U.S.C. § 1988.

        D.      That the Plaintiffs have such other and further relief as the Court shall deem just

and proper.


Dated:       August 31, 2015
               New York, New York


                           SIEGEL TEITELBAUM & EVANS, LLP

By: _Norman Siegel_
                               Norman Siegel

By: _Herbert Teitelbaum_ by NS
                           Herbert Teitelbaum
                           Sharon Sprayregen
                       260 Madison Avenue, 22nd Floor
                         New York, NY 10016
                           (212) 455-0300
                           nsiegel@stellp.com
                         hteitelbaum@stellp.com


                           Eric R. Bernstein, P.C.

By: _Eric Bernstein / ss_
                       260 Madison Avenue, 18th Floor
                       New York, NY 10016
                       212- 683-1530


                   ATTORNEYS FOR PLAINTIFFS

16